UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20095-HUCK/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN JERROLD COLLIER, III,

    Defendant.

_____/

## **REPORT AND RECOMMENDATIONS**

Defendant, John Jerrold Collier, III, is currently confined at Yazoo City Low FCI following his conviction for receipt and possession of child pornography. Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),[1] which the Honorable Paul C. Huck referred to me for a report and recommendation. (ECF No. 43, 44). Defendant asserts that his age, obesity and skin lesions place him at heightened risk of severe illness from COVID-19, and that this constitutes "extraordinary and compelling reasons" that justify his release. (ECF No. 43 at 5-6). The Government filed a response, Defendant a reply and, at the Court's request, the government filed a sur-reply. (ECF Nos. 45, 50, 52).[2] Defendant then filed a supplemental response. (ECF No. 53). I have carefully considered the parties'

---

[1] Defendant's mother, Josephine A. Collier, signed and filed the Motion on Defendant's behalf. The government does not dispute that Mrs. Collier meets the requirements for "next friend" standing. (ECF No. 52 at 2).

[2] The government also filed a supplemental response advising the Court that one of the victims opposes Defendant's motion for compassionate release. (ECF No. 49).

1

memoranda, the record in this case and the applicable law and, for the reasons explained below, I recommend that the Court deny the Motion.

## I.  BACKGROUND

Defendant pled guilty to one count of receipt of child pornography and three counts of possession of child pornography, for which this Court sentenced him to 80 months' imprisonment and 25 years' supervised release. (ECF Nos. 22, 40). The government's evidence included six electronic devices from Defendant's residence that contained child pornography, three of which were hard drives that had approximately 20,000 photos and 564 videos of child pornography. (ECF No. 45 at 3). Defendant admitted to searching for child pornography involving children less than 10 years old, and one of the file names indicated that the victim was as young as 2 years old. (*Id*. at 3-4). Law enforcement identified 198 victims depicted in the images contained on Defendant's electronic devices. (*Id*. at 4).

Defendant has served more than two years of his 80-month sentence and he is scheduled for release on March 19, 2024. (*Id*. at 5). According to Defendant's BOP case manager, Defendant has been a "model inmate", he has no disciplinary infractions, he has completed all courses his Unit Team recommended, and he received "good" work evaluations. (ECF No. 50 at 4). Defendant is 59 years old and, as mentioned, contends that his age, obesity and skin lesions place him at heightened risk of severe illness from COVID-19, thereby warranting his compassionate release. Defendant already became ill with COVID-19 while incarcerated and, thankfully, he has recovered. (*Id*. at 5).

Defendant plans to live with his 88-year-old mother if granted compassionate release. (ECF No. 43 at 17). His case manager states that Defendant's "Unit Team is in full support of [Defendant's] receiving this compassionate release." (ECF No. 50 at 4). However, the Warden

of Defendant's facility denied Defendant's request for compassionate release after consulting with BOP staff and physicians. (ECF No. 52 at 2).

## II.     ANALYSIS

Defendant relies upon the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), to ask the Court to modify his sentence of imprisonment to time served. "Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)). However, 18 U.S.C. § 3582(c) authorizes courts to reduce a term of imprisonment on a motion from a defendant

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define extraordinary and compelling reasons, other than to state that rehabilitation of the defendant alone is not an extraordinary and compelling reason. 28 U.S.C. § 994(t). Instead, it directed the Sentencing Commission to promulgate "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. *Id*.

The Commission did so in a Sentencing Guidelines policy statement ("Policy Statement"). It reiterates some of these statutory provisions, and adds the condition that a Court may reduce a sentence under this provision only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

3

Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018). In addition, in Application Note 1, the Commission defines four categories of extraordinary and compelling circumstances. (*Id.*)

The statute and the Policy Statement, read together, provide that a court can grant relief under Section 3582(c)(1)(A) if it: (1) finds the defendant exhausted his administrative remedies, (2) concludes that extraordinary and compelling reasons warrant release, (3) determines that the defendant is not a danger to the community, and (4) finds that the relevant factors in 18 U.S.C. § 3553(a) support a reduction of sentence. The defendant bears the burden of establishing that compassionate release is warranted. In the end, whether the Court grants compassionate release is within its discretion, as section 3582(c)(1)(A) uses the word may, not must. *United States v. Israel*, No. 05 CR 103 (CM), 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019).

1. Exhaustion of Administrative Remedies

Defendant submitted a request for compassionate release to the Warden of his facility, which the Warden received on July 23, 2020. (ECF No. 43 at 17). The Warden denied Defendant's request on October 23, 2020, more than 30 days after it was received. (ECF No. 52 at 1). The Warden's failure to timely respond within the 30-day deadline required by § 3582(c)(1)(A) entitled Defendant to file his Motion without his having to further exhaust administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Cody*, No. 8:10-cr-35-T-27CPT, 2020 WL 4547924, at *1 (M.D. Fla. Aug. 6, 2020) ("[Defendant] asserts and provides documentation reflecting that he filed a request with the warden more than 30 days ago and has not received a response. Accordingly, his motion for compassionate release can be considered.").

4

2. Extraordinary and Compelling Reasons

The first category of "extraordinary and compelling reasons" in Application Note 1 to the Policy Statement is titled "Medical Condition of the Defendant." It is satisfied, *inter alia*, where "[t]he defendant is suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 Application Note 1(A). Here, the government concedes that Defendant "has established an extraordinary and compelling reason to warrant a sentence reduction under § 3582(c)" because he is obese, which is a recognized risk factor for severe illness from COVID-19.[3] (ECF No. 159 at 23).

3. Section 3553(a) Factors

The relevant sentencing factors set forth in 18 U.S.C. § 3553(a) are "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] (B) to afford adequate deterrence to criminal conduct…." 18 U.S.C. § 3553(a). As for the first factor, Defendant has no prior criminal history. He states that he "led an ordinary law-abiding life for over fifty years" and only "turned to [his] heinous crime" after falling on hard times both financially and personally. (ECF No. 43 at 11).

---

[3] The guidance published by the Centers for Disease Control and Prevention reflects that obesity, characterized as a BMI of 30 or higher, places an individual at increased risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, updated November 2, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (accessed December 7, 2020).

5

The nature and circumstances of Defendant's offense, however, are deeply troubling. The receipt and possession of child pornography is a crime that causes long term damage to its victims. The victim impact letters submitted to the Court in connection with Defendant's sentencing reflect this sad reality. (ECF No. 31-3). One of those victims recently submitted a letter opposing Defendant's Motion for Compassionate Release, again reiterating that the exploitation of their childhood sexual abuse "will continue to impact them for the rest of their life." (ECF No. 49 at 1).

Importantly, the evidence against Defendant indicates that his conduct was not a momentary lapse in judgment. Defendant possessed multiple electronic devices that contained a staggering volume of child pornography: more than 20,000 photographs and 500 videos of child pornography involving nearly 200 victims, at least one of whom was 2 years old. (ECF No. 45 at 3-4). Defendant admitted that he searched for child pornography involving very young children, under the age of 10. The videos contain highly disturbing content. (*Id.*).

As for the second factor, Defendant has served nearly two and a half years of his 80-month sentence. The Court imposed a substantial term of imprisonment, which would be significantly reduced if Defendant were released now. This would undercut a sentence that was intended to reflect the gravity of Defendant's offense. Defendant's release so early in his term of incarceration would not promote respect for the law or provide just punishment.[4] Doing so would undermine the goal of deterrence, especially in this circumstance where Defendant already recovered from COVID-19.

---

[4] Defendant still has more than three years remaining until his projected release date, which itself reflects a reduction for good conduct. (ECF No. 45 at 5, n.2)

For the foregoing reasons, I conclude that the § 3553(a) sentencing factors do not weigh in favor of Defendant's release.[5]

## III. RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the Court **DENY** Defendant's Motion for Compassionate Release (ECF No. 43).

## IV. OBJECTIONS

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck. Judge Huck is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 7th day of December 2020, at Miami, Florida.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Paul C. Huck
 Counsel of Record
 John Jerrold Collier, III, *pro se*

---

[5] Given this conclusion, I do not address whether Defendant also poses a danger to the safety of the community or others.

7