UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-CR-20095-PCH

**UNITED STATES OF AMERICA,**

v.

**JOHN JERROLD COLLIER, III,**

    **Defendant.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** is before the Court on Defendant John Jerrold Collier III's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion") [ECF No. 43], which was filed on August 28, 2020. The Motion was referred to Magistrate Judge McAliley [ECF No. 44] for a Report and Recommendation. In the Motion, Defendant argues that he should be released from prison because his age and pre-existing health conditions—i.e., obesity and skin lesions—place him at a heightened risk of severe illness from COVID-19. The Government filed its Response to the Motion [ECF No. 45], Defendant filed his Reply [ECF No. 50], and the Government filed a Sur-Reply [ECF No. 52]. The parties also filed supplemental briefs [*see* ECF Nos. 49, 53]. Magistrate Judge McAliley issued the Report and Recommendation ("R&R") [ECF No. 54] on December 7, 2020, recommending that the Court deny the Motion because Defendant failed to carry his burden on the § 3553(a) sentencing factors. Defendant did not object to the R&R.

The Court starts with the law. A court may grant relief to a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if the court finds that (i) the defendant exhausted his administrative remedies; (ii) extraordinary and compelling reasons warrant his release; (iii) the defendant is

1

not a danger to the community; and (iv) the relevant factors in 18 U.S.C. § 3553(a) support a reduction of sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i); Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018). A defendant seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) holds the burden of establishing that relief is warranted.

Here, the Court has independently reviewed the record and the relevant legal authorities, and is otherwise duly advised. After a *de novo* review, the Court agrees with the reasoning and recommendations in the R&R, including the analysis therein on the § 3553(a) sentencing factors. However, this Court makes two additional findings.

*First*, the Court is not convinced by Defendant's argument that an "extraordinary and compelling reason" exists for his release. The Government concedes that Defendant's obesity qualifies as an "extraordinary and compelling reason" for his release, as obesity is a recognized risk factor for severe illness from COVID-19. (Resp. at 13-14.) The R&R appears to rely solely on the Government's concession in finding for Defendant on this factor. Yet, as reflected in the R&R, (*see* R&R at 2), and as reflected in a letter from Defendant's case manager dated August 25, 2020, (Reply at 4), Defendant has already contracted, and recovered from, COVID-19, without any apparent severe complications. The Court is pleased to learn of Defendant's recovery. That being said, the fact that Defendant recovered without severe complications establishes that he is in less danger of suffering severe illness from COVID-19, were he to contract the virus again. Accordingly, the Court finds that Defendant has not carried his burden in showing an extraordinary and compelling reason warrants his release.

*Second*, the Court finds that Defendant failed to carry his burden in establishing he is not a danger to the community. In coming to this conclusion, the Court points to Defendant's seriously disturbing crimes, which he committed as recently as 2018. Defendant possessed a

considerable collection of child pornography—i.e., roughly 20,000 photographs and more than 500 videos of it.  And, tragically, Defendant's collection depicted nearly 200 child-victims, including pre-pubescent children as young as two-years old.  Simply put, Defendant's insatiable appetite for child pornography renders him a continuing danger to the community.

The Court therefore adopts the R&R in full and concludes that Defendant has failed carry his burden on the § 3553(a) sentencing factors.  In addition, the Court finds that Defendant has failed to establish that (i) an extraordinary and compelling reason warrants his release and (ii) he is not a continuing danger to the community.  Accordingly, it is

**ORDERED AND ADJUDGED** that (1) the R&R [ECF No. 54] is **APPROVED** and **ADOPTED** in its entirety as part of this Order, together with this Court's additional findings detailed above; and (2) Defendant's Motion for Compassionate Release [ECF No. 43] is **DENIED**.

**DONE and ORDERED** in Miami, Florida on January 21, 2021.

_____
Paul C. Huck
United States District Judge

cc:    Counsel of Record;
       John Jerrold Collier, III, *pro se*